IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STEVEN SANTIAGO-CAMACHO,  *
    Petitioner,  *
                               *
                               *
    v.  *
                               *  CIVIL NO. 05-1745 (CCC)
                               *  Cr. No. 01-613 (CCC)
UNITED STATES OF AMERICA,  *
    Respondent.  *
                               *
_____

## **OPINION & ORDER**

I. INTRODUCTION

      This matter is before the Court upon petitioner Steven Santiago-Camacho's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on June 17, 2005. Petitioner challenges the sentence imposed following his conviction for drug trafficking and firearms related offenses. Petitioner claims that his sentence was contrary to the holding of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed2d 177 (2004). In addition, he premises his claims on the retroactivity of the holdings of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed 2nd 621 (2005), and Crawford, supra. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and, for the reasons detailed more fully below, petitioner's §2255 motion is denied and the Petition is dismissed.

II. BACKGROUND

      On November 21, 2001, a Federal Grand Jury returned a nine-count second Superseding Indictment charging Steven Santiago-Camacho (hereinafter, "petitioner" or "petitioner Santiago-Camacho"), and fifteen other co-defendants with violations of 21 U.S.C. §§ 846, 853, and 18 U.S.C. § 924 (c)(1)(A). Cr. docket entry 152. Petitioner Santiago-Camacho was charged in Counts One, Seven, Eight, and Nine. Cr. docket entry 169.

Civil No. 05-1745 (CCC)

On December 3, 2002, petitioner filed a motion for change of plea. Cr. docket entry 437. Both the Government and petitioner stipulated that petitioner was to be held accountable under Count One for one kilogram of cocaine, and, as to Count Eight, both parties stipulated that petitioner was to be held accountable for carrying, but not brandishing firearms(s). Cr. docket entry 449. At a change of plea hearing held before Magistrate-Judge Justo Arenas on December 4, 2002, Santiago-Camacho entered a plea of guilty as to Counts One and Eight. The Magistrate-Judge conducted a thorough colloquy which included asking petitioner a series of questions to insure his intelligent and voluntary waiver of various rights and entry of a guilty plea. Having conducted a proceeding in the manner prescribed by Fed.R.Crim.P. 11, on May 6, 2002, a Report and Recommendation was filed recommending that the guilty plea as to Counts One and Eight be accepted. No objections to the Report and Recommendation were filed. On January 17, 2003, the Court entered an Order adopting and approving such recommendation.

On April 2, 2003, petitioner Santiago-Camacho was sentenced to the stipulated term of seventy-two (72) months as to Count One and sixty (60) months as to Count Eight, to be served consecutively to each other, for a total imprisonment term of one-hundred thirty-two (132) months, a four-year supervised release term as to Count One and a three-year supervised release term as to Count Eight to be served concurrently with each other, and a special monetary assessment of $200.00. Judgment was entered on docket on April 9, 2003. No direct appeal was filed.

More than two years later on June 17, 2005, petitioner Santiago-Camacho filed his present Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. §2255, seeking to set aside his sentencing on two grounds. First, that his sentence was contrary to the Crawford holding because during his sentencing hearing the government presented statements from unavailable cooperating witnesses and co-defendants. Second, pursuant to the holdings of Booker and Blakely, he claimed that he had been wrongfully charged and convicted on the weapons charge under 18 U.S.C. §924 (c) (1) (A), because the phrase "providing armed

Civil No. 05-1745 (CCC)

Page 3

escort" did not encompass exclusively a firearm, and in any case, the government failed to specify the weapon used or carried during the drug offense.

## III. DISCUSSION

The Court notes that petitioner waited more than two years, from the date that his conviction became final, to present his motion under 28 U.S.C. §2255. For the following reasons, this Court concludes that this claim is time-barred and without merit.

### A. Section 2255 Standard

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under Section 2255 must allege that; (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See, 28 U.S.C. §2255. Accordingly, Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255; Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed2d 417 (1962). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. See United States v. Addonizio, 442 U.S. 178, 184-85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Habeas review is an extraordinary remedy, and a Section 2255 motion simply is not a substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

### B. The AEDPA Statute of Limitations

Section 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations as follows:

Civil No. 05-1745 (CCC)

Page 4

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Unless one of the other three situation exceptions applies as provided in §2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(1). The relevant date for purposes of the instant motion is "one year following the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(1). The statute does not define when a judgment of conviction becomes "final" within the meaning of § 2255. However, some circuit courts of appeal have issued rulings on this issue, finding that a final conviction occurs at the expiration of the term for filing a direct appeal. See, Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir.2000); Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005) (holding that for purposes of 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Sánchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) ( "[A]n unappealed federal criminal judgment becomes final after it is entered, for the purposes of the §2255 statute of limitations"); Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant

Civil No. 05-1745 (CCC)

Page 5

does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")

Judgment of conviction was entered on April 9, 2003. Assuming that petitioner preserved a right to appeal following his guilty plea, his judgment of conviction became "final" for purposes of §2255(1) on April 21, 2003, ten days following entry of judgment. Fed.R.App.P 4(b). He filed his §2255 motion on June 17, 2005, more than twenty-five months following finality of judgment. Having failed to file his motion within one year of the date that his conviction became final, petitioner's motion is untimely.

**C. Blakely, and Booker do not apply retroactively to cases on collateral review.**

To the extent that petitioner argues for the applicability of the exception set forth in 28 U.S.C. §2255 (3), which provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," this argument fails. Petitioner's challenge pursuant to the Supreme Court's decisions in Blakely, and Booker are not newly recognized rights made applicable to cases on collateral review.

Like Blakely, Booker is not retroactive. See, McReynolds v. U.S., 397 F.3d 479 (7th Cir.2005)(Booker does not apply retroactively to criminal cases that became final before its release); U.S. v. Fraser, 407 F.3d 9 (1st Cir.2005)(petitions under §2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive since this would provide an avenue to escape restrictions Congress has imposed on habeas review); CiriloMuñoz v. U.S., 404 F.3d 527, 533 (1st Cir. 2005)(Since Apprendi is not to be applied retroactively, comparable Blakely-like claims run the same fate).

Civil No. 05-1745 (CCC)

Page 6

**D. Petitioner's Defective Crawford Argument.**

Petitioner argues, pursuant to Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that his Confrontation Clause rights were violated as a result of his inability to cross-examine witnesses at the sentencing hearing, which he failed to identify.

In Crawford, the Supreme Court reinterpreted Sixth Amendment doctrine "to reflect more accurately the original understanding of the [Confrontation] Clause." Id. at 60. Further, in Crawford, the Court considered the admissibility of hearsay statements made to police during an interrogation. The Court had previously held that, so long as a statement bore adequate indicia of reliability, the Sixth Amendment did not bar its admission. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed2d 597 (1980)(evidence must either fall within a firmly rooted exception to the hearsay rule or bear particular guarantees of trustworthiness to be found adequately reliable). In Crawford, however, the Court reexamined its prior rulings and held that "the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation. Id. at 69. Accordingly, the Court held "where testimonial evidence is at issue,. . . the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination." Id. at 68.

Petitioner made a conclusory and unsubstantiated claim, to wit, "[a]t sentencing, the government presented statements from unavailable cooperating witnesses and alleged co-conspirators regarding the drug quantities and other fact based sentencing enhancements." Docket entry 1. See also Petitioner's brief, at p. 14.

First, the Court is compelled to determine that this argument is deemed waived, since "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.... It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990).

Civil No. 05-1745 (CCC)

Page 7

Second, since it appears that petitioner attempted to make a Crawford argument based on his inability to cross-examine unavailable cooperating witnesses, the Court notes that prior to and even after Crawford, the First Circuit held that the Sixth Amendment right to confront witnesses does not apply at sentencing. See United States v. Rodríguez, 336 F.3d 67, 71 (1st Cir.2003)(" [A] defendant's Sixth Amendment right to confront the witnesses against him does not attach during the sentencing phase . . ."); see also, U.S. v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005) ("Nothing in Crawford requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing").

Third, many courts have hold that the Crawford decision is not applicable retroactively on collateral review. See Juarez v. Nelson, 127 Fed. Appx. 401 (10th Cir.2005)(Crawford not retroactive); Murillo v. Frank, 402 F.3d 786, 789-91 (7th Cir.2005) (Crawford not retroactive on collateral review); Mungo v. Duncan, 393 F.3d 327 (2nd Cir.2004)( Crawford not retroactive). Even assuming that petitioner had elaborated a Crawford argument and that the right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review, petitioner's conviction became final because it is undisputed that he did not file his 28 U.S.C. §2255 motion until June 17, 2005--more than a year after Crawford was decided on March 8, 2004.

IV. CONCLUSION

It is ordered that petitioner Steven Santiago-Camacho's request for habeas relief under 28 U.S.C. §2255 (**docket entry 1**) is DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is DISMISSED WITH PREJUDICE.

SO ORDERED.

At San Juan, Puerto Rico, on March 13, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge